UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUFFIN FAYE ANDERSON,

    Plaintiff,

    v.

DURHAM SCHOOL SERVICES,

    Defendant.

CASE NO. C03-1352C

ORDER

This matter is before the Court on Defendant's renewed motion for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(a) (Dkt. No. 106), and Defendant's motion for a new trial under Rule 59, embedded in its reply brief (Dkt. No. 127).  Having carefully considered the papers submitted by the parties, as well as all relevant trial and hearing transcripts and admissible evidence, and finding oral argument unnecessary, the Court DENIES Defendant's renewed motion for JMOL, and DIRECTS Defendant to resubmit a fully briefed motion for new trial within 10 days of the date of this Order.

I.    BACKGROUND

This case arises from Plaintiff's employment as a bus driver for Defendant, specifically Plaintiff's repeated complaints (and Defendant's reactions thereto) of mechanical and cosmetic problems with her

ORDER – 1

bus. Exclusive of claims that were dismissed before trial, Plaintiff alleged that Defendant (1) violated the Americans with Disabilities Act ("ADA") by sending her to a psychiatric examination unrelated to her fitness for employment; (2) fired her in retaliation for making a complaint to the Equal Employment Opportunity Commission ("EEOC"); and (3) discharged her wrongfully in violation of Washington public policy. The Court conducted a four-day jury trial in which more than twenty witnesses testified. The jury returned a special verdict for Plaintiff on each of her three claims and awarded damages of $150,000.00 (comprising $30,000 for lost wages and $120,000 for emotional distress).

## II. DEFENDANT'S RENEWED MOTION FOR JMOL

Defendant's renewed motion attacks each of the three jury findings (as reflected in the special verdict form (Dkt. No. 99)), arguing under Federal Rule of Civil Procedure 50 that there was insufficient evidence presented at trial to permit a reasonable jury to find for Plaintiff on those claims. Rule 50(a) provides that a court may render judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a). In addressing a motion for JMOL, whether initial or renewed, a court should review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Defendant's burden here is an exceedingly heavy one: "JMOL should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result.'" *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (quoting *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997)). It is not enough that the Court may have come to a different result had the case been tried to the bench. *See Tenant v. Peoria & Pekin*

*Union Ry. Co.*, 321 U.S. 29, 35 (1944) ("Courts are not free to reweigh the evidence and set aside the jury verdict merely . . . because judges feel that other results are more reasonable."). For the reasons that follow, the Court finds that Defendant has failed to show that the jury's findings are against the great weight of the evidence or that the jury has reached a seriously erroneous result.[1]

### A. The ADA Claim

As to Plaintiff's first claim, Defendant argues that the evidence supports only one conclusion: "it was undisputed that the vast majority of Plaintiff's complaints were delusional," and therefore Defendant was justified in ordering Plaintiff to undergo the "fitness for duty exam." (Def.'s Mot. 3.) Defendant relies on a case from the Central District of Illinois for the proposition that any psychiatric examination is "'job-related and consistent with business necessity'" under the ADA when the employee shows "even mild signs of 'schizophreniform' behavior." *Miller v. Champaign Cmty. Unit Sch. Dist.*, 983 F. Supp. 1201, 1206 (C.D. Ill. 1997) (quoting 42 U.S.C. § 12112(d)(4)(A)). On a motion for summary judgment, the *Miller* court ruled that "a psychiatric examination is 'job-related and consistent with business necessity' in any case where an elementary school employee exhibits paranoid or agitated behavior that causes the school administration to be concerned about the personal safety of those in contact with the employee." *Id.* at 1206–07.

*Miller* is not persuasive authority in this case, primarily because the facts in *Miller* were undisputed on summary judgment. *Id.* at 1204. In contrast, the jury here was entitled to weigh the competing testimony of the Plaintiff herself, Defendant's operations manager and general manager,

---

[1] As an initial matter, the Court rejects Plaintiff's contention under Rule 50(b) that Defendant failed to make its initial JMOL motion in a timely manner. The trial transcript reveals that, as a result of Plaintiff's failure to provide sufficient witnesses to fill one of the trial days during its case-in-chief, Defendant properly requested that its motion for dismissal or judgment be postponed until the close of Plaintiff's evidence. The Court granted that request, and later deemed the motion made and denied at the close of all evidence. This was sufficient to satisfy the Ninth Circuit's standards for Rule 50 motions. *Cf. Patel v. Penman*, 103 F.3d 868, 878 & n.9 (9th Cir. 1996) (noting that "the requirement that the motion be made at the close of all the evidence is to be strictly observed").

ORDER – 3

Defendant's bus mechanics, and relevant exhibits to make a factual finding as to Plaintiff's psychological state at the time Defendant ordered her to undergo the exam; the jury was further entitled, in light of that threshold finding, to determine whether the exam was job related and consistent with business necessity.

In doing so, the jury was acting within its province "to decide which testimony to believe and which testimony not to believe," and more specifically to "believe everything a witness says, or part of it, or none of it"—as provided by Defendant's proposed (and later adopted) jury instruction. (*See* Dkt. No. 75.) "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150. The Court cannot say that the jury's finding regarding Plaintiff's ADA claim lacked any "legally sufficient evidentiary basis." FED. R. CIV. P. 50(a).

### B. The Retaliation Claim

Defendant next argues that the evidence does not support the jury's second finding: that Defendant discharged Plaintiff in retaliation for filing a complaint with the EEOC. Defendant asserts that its operations manager did not receive notice of Plaintiff's EEOC complaint (which Plaintiff's counsel had inadvertently sent to Defendant) until after two of the three complaints against Plaintiff were written up. (*See* Def.'s Mot. 3–4.) Defendant further argues that Plaintiff's failure to show up for her assigned bus run on the day she was fired establishes an independent, non-retaliatory basis for her termination. (*See id.*)

As with Plaintiff's first claim, the jury here was entitled to evaluate the credibility of Defendant's operations manager to find that Defendant did know of Plaintiff's complaint to the EEOC before she was fired. The jury was further entitled to infer from that finding that Plaintiff's complaint was the motivating factor for her termination: the Court is bound "'to give [the jury] the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn.'" *Greyhound Computer Corp. v Int'l Bus. Machs. Corp.*, 559 F.2d 488, 492 (9th Cir. 1977) (quoting *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696 (1962)).

ORDER – 4

Again, under the jury instruction that Defendant proposed and the Court adopted, the jury was entitled to "take into account . . . the witness' interest in the outcome of the case and any bias or prejudice [and] any other factors that bear on believability." (*See* Dkt. No. 75.)  Viewing the evidence in the light most favorable to Plaintiff and giving Plaintiff the benefit of all reasonable inferences to be drawn from the evidence, the Court does not agree that "'there could be but one conclusion as to the verdict that reasonable [jurors] could have reached.'"  9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2524, at 262 (3d ed. 1995) (quoting *Simblest v. Maynard*, 427 F.2d 1, 4 (2nd Cir. 1970)).

### C. The Wrongful-Discharge Claim

Finally, as to Plaintiff's third claim, Defendant argues that there is no established public policy in Washington protecting the right of an employee to report "phantom bus problems" without fear of termination.  (Def.'s Mot. 4.)  Defendant is correct that under *Sedlacek v. Hillis*, 36 P.3d 1014, 1018 (Wash. 2001), among other cases, "[w]hether or not a clear mandate of public policy exists . . . is a question of law" in Washington.  But the argument that Plaintiff's claim is barred as a matter of law is simply a repackaging of Defendant's pretrial summary judgment motion.  (*See* Dkt. No. 20 at 19–20.)  The Court denied that motion in relevant part orally on February 4, 2005 (Dkt. No. 59), and Defendant has offered no convincing justification for reconsidering that legal ruling here.  Accordingly, there is no legal barrier to the jury's finding that Defendant's actions did, in fact, violate Washington's public policy.

As with the previous two claims, the balance of Defendant's argument is based on the sufficiency of the evidence supporting this claim.  And as before, the jury was entitled to weigh, for example, (1) evidence of Plaintiff's mental state at the time of her complaints, (2) testimony regarding the mechanical condition of Plaintiff's bus, (3) testimony regarding Defendant's treatment of Plaintiff relative to other employees who had lodged complaints or missed bus runs, and (4) Defendant's proffered reasons for Plaintiff's termination.  Without impermissibly engaging it its own weighing of evidence, the Court cannot

ORDER – 5

conclude that "it is quite clear that the jury has reached a seriously erroneous result." *Hangarter*, 373 F.3d at 1005.

### III. DEFENDANT'S MOTION FOR A NEW TRIAL

Defendant also embeds in its reply brief a motion for new trial under Rule 59,[2] claiming that it has discovered relevant new evidence about Plaintiff's employment activities that may have impacted Plaintiff's credibility as a witness. Specifically, Defendant's counsel has submitted a declaration with exhibits (Dkt. No. 128) describing his receipt of evidence purportedly showing that Plaintiff falsified a pre-trial interrogatory response in which she denied being self-employed in 2003. (*See* Pond Reply Decl. Ex. B at 2–4, 9.) After filing the renewed motion for JMOL on June 24, 2005, Defendant's counsel claims to have received—from an attorney who was defending a separate case against Plaintiff—documents showing that Plaintiff had been, contrary to her verified interrogatory response, self-employed to the tune of $7,000.00 per month for three years continuously up to June 6, 2003. (*Id.* Ex. A at 8–9.)

Under Rule 59, the Court may reopen the judgment and grant a new trial "on all or part of the issues" presented to the jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a). One such reason for a new trial is newly discovered evidence, if the movant can establish that "(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th

---

[2] The Court notes both parties' failures to adhere to the Federal Rules of Civil Procedure and this Court's Local Rules. Namely, (1) Defendant's failure to adhere to the six-page limit for its reply brief per CR 7(e)(3), or to request permission to file an overlength brief per CR 7(f); (2) Defendant's failure to seek the Court's permission to file a reply affidavit in support of its motion for a new trial, in violation of Rule 59(c); and (3) Plaintiff's counsel's failure to certify that it timely notified the Court and Defendant of its intent to file its surreply and request to strike per CR 7(g)(1). The parties are reminded that the Court's Local Rules are available for review at http://www.wawd.uscourts.gov/wawd/ documents.nsf/.

ORDER – 6

Cir. 2000); *see also* 58 AM. JUR. 2D *New Trial* § 324 (2005) (Newly discovered evidence must be "of such a decisive and preponderating character as would, with reasonable certainty, have changed the verdict or materially reduced or increased the recovery."). The new evidence must also be admissible, and must affect more than just the weight of evidence or the credibility of testimony already offered during trial. *See* 11 WRIGHT & MILLER, *supra*, § 2808, at 92–94.

Although Defendant's motion was filed well after the 10-day post-judgment period set by Rule 59(b), Rule 60(b) allows that motions based on newly discovered evidence may be made "within a reasonable time, and . . . not more than one year after the judgment." FED. R. CIV. P. 60(b). Whether such a motion is made "within a reasonable time" depends on "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Without addressing the merits of Defendant's motion, the Court finds that the motion was timely under the circumstances.[3] Consistent with Rule 60(b), Defendant appears to have filed its motion as soon as practicable after discovering "the grounds [to be] relied upon,"[4] and there has been no showing that a full adjudication of this motion would prejudice any party. *Ashford*, 657 F.2d at 1055. However, the "motion" itself is nothing more than two pages squeezed into an overlength reply brief, and Plaintiff's surreply did not respond to the substance of Defendant's motion. Under these unusual circumstances, the Court's adjudication of this motion would be substantially assisted by more complete briefing.

---

[3] Similarly, because Defendant's Rule 59 motion was based on new evidence discovered after its renewed JMOL motion, the Court DENIES Plaintiff's request to strike pages seven and eight of Defendant's reply brief (Dkt. No. 129).

[4] This threshold finding under Rule 60(b) does not foreclose Plaintiff from arguing, under Rule 59, that Defendant should have discovered the new evidence sooner using reasonable diligence. *See Bernal*, 204 F.3d at 929.

ORDER – 7

    Accordingly, Defendant is DIRECTED to resubmit its Rule 59 motion, briefed in full, within 10 calendar days of the date of this order.  Defendant should set the noting date on its resubmitted motion in accordance with CR 7(d)(3), with the balance of the briefing to proceed accordingly.[5]

## IV.   CONCLUSION

    For the forgoing reasons, the Court DENIES Defendant's Rule 50 motion for new trial and DIRECTS Defendant to resubmit its fully briefed Rule 59 motion for new trial within 10 days of the date of this order, with briefing to proceed thereafter in accordance with CR 7.  Plaintiff's motion for attorneys fees is hereby RENOTED for November 3, 2005.

    SO ORDERED this 4th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[5] The Court will hold Plaintiff's motion for attorneys fees (Dkt. No. 107) for decision until after ruling on Defendant's resubmitted motion for new trial.  The fees motion will be RENOTED for November 3, 2005.

ORDER – 8